## NORTHWEST AIRLINES, INC., Respondent,

### v.

## COUNTY OF HENNEPIN, Relator.

### No. C5–94–2563.

Supreme Court of Minnesota.

Sept. 29, 1995.

Michael O. Freeman, Hennepin County Attorney, Marilyn J. Maloney, Assistant County Attorney, Minneapolis, for relator.

Christopher J. Chaput, St. Paul, for respondent.

## OPINION

TOMLJANOVICH, Justice.

On certiorari we review a final order of the Minnesota Tax Court declaring that 49 U.S.C.App. § 1513(d) (1988) (repealed 1995),[1] the Airport and Airway Improvement Act, legislation essentially designed to insulate interstate transportation companies from state regulations and taxing procedures which have unreasonably burdened and discriminated against interstate commerce, preempts state law and entitles the taxpayer Northwest Airlines, Inc. to property tax equalization relief. We affirm.

The parties have stipulated to the operative facts that Northwest leases two parcels of property from the Metropolitan Airports

considered on a nonoral basis, and the award of attorney fees reflects this.

1. Section 1513(d) was recodified at 49 U.S.C. § 40116(d) during the pendency of this action.

Commission, that the property is used in its air transportation business and that it is taxed as personal property pursuant to Minn. Stat. § 272.01(2) (1990). The parties further agree that the property was assessed in 1990 at 100% of its market value, while the median assessment ratio of other commercial and industrial property in Hennepin County during that same period was 98.3%.

Having agreed that the subject property is taxed at 100% of market value and the median assessment ratio of other commercial and industrial property located in the same assessment district was 98.3% and that 49 U.S.C.App. § 1513(d) is applicable to Northwest, the county nevertheless argues that no equalization assessment relief is available where, as here, the median assessment ratio level is 90% or greater. Minn.Stat. § 278.05, subd. 4 (1990). However, in our view, the clear language of the federal legislation does not authorize a state to impose such a limitation on entitlement to relief. It specifically states that a state or its subdivision may not "levy or collect an ad valorem property tax on air carrier transportation property at a tax rate that exceeds the tax rate applicable to commercial and industrial property in the same assessment jurisdiction." 49 U.S.C.App. § 1513(d)(1)(C) (1988). The language of the Act manifests an intention that it preempt state law.

Because the assessment rate of 100% of market value "exceeds the tax rate applicable," the 98.3% median assessment ratio, by 1.7%, the taxpayer is entitled to equalization relief.

Affirmed.